**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|   |   |   |
|---|---|---|
| **TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND,** | * | |
| | * | |
| Plaintiffs, | * | |
| v. | | Case No.: GJH-19-2969 |
| | * | |
| **K-BROTHERS ELECTRICAL, LLC,** | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs, Trustees of the National Electrical Benefit Fund ("Plaintiffs" or "Trustees"), bring this action against Defendant K-Brothers Electrical, LLC ("Defendant") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.* Following Defendant's failure to answer or otherwise defend in this action, the Clerk entered default against Defendant on November 21, 2019. ECF No. 7. Now pending before the Court is Plaintiffs' Motion for Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). ECF No. 6. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018).  For the following reasons, Plaintiffs' Motion for Default Judgment is granted, and judgment is entered against Defendant in the amount of $7,991.51.

**I.     BACKGROUND**

The following facts are established by the well-pled allegations in the Complaint, ECF No. 1, and evidentiary exhibits in support of the Motion for Default Judgment, ECF No. 6-1; ECF No. 6-2. The National Electrical Benefit Fund ("NEBF"), which was established pursuant to

an agreement between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"), is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). ECF No. 1 ¶ 4; *see* ECF No. 6-2 at 1.[1] Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. ECF No. 1 ¶ 4; *see* ECF No. 6-2 at 1. The NEBF is administered at 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238. ECF No. 1 ¶ 4.

Plaintiffs state upon information and belief that Defendant K-Brothers Electrical, LLC is an Ohio limited liability corporation whose business address and main place of business is 10432 Oviatt Lane, Twinsburg, Ohio 44087. ECF No. 1 ¶ 5. Defendant is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce. ECF No. 1 ¶ 5.

At all times relevant to the action, Defendant was a signatory to collective bargaining agreements ("Collective Bargaining Agreements") with IBEW Local Union 38, the collective bargaining representative of Defendant's employees. *Id.* ¶ 6; *see* ECF No. 6-2 at 2, 5, 7–12. The Collective Bargaining Agreements obligated Defendant to submit contributions to the NEBF on behalf of employees covered by the Collective Bargaining Agreements. ECF No. 1 ¶ 6; *see* ECF No. 6-2 at 10. Defendant was also bound to the terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund ("Trust Agreement"), which governed the administration of the NEBF at all times relevant to this action. ECF No. 1 ¶ 7; *see* ECF No. 6-2 at 10, 14. The Trust Agreement obligated the Defendant, among other things, to file monthly payroll reports and to make monthly payments to the NEBF's designated

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

local collection agent of an amount equal to three percent of the gross labor payroll for the preceding month. *See* ECF No. 6-2 at 15, 19. The Trust Agreement also authorized the Trustees to take all necessary actions to recover delinquent contributions. ECF No. 1 ¶ 17; *see* ECF No. 6-2 at 20–21.

Plaintiffs bring this action pursuant to Section 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, which allows a fiduciary to enforce Defendant's obligations to contribute to plans such as the NEBF through a civil action. ECF No. 1 ¶ 2, 14–16. Defendant has allegedly failed to contribute to NEBF for work performed by Defendant's covered employees between February 2018 and August 2019. *See* ECF No. 1 ¶¶ 8–9; ECF No. 6-2 at 23. According to the payroll reports prepared by Defendant and submitted to NEBF's local collection agent, Defendant failed to pay the NEBF at least $5,428.10 in contributions for work performed during the relevant period. *See* ECF No. 1 ¶ 9. NEBF and its counsel have made several demands for payment from Defendant, but all such attempts have been unsuccessful. *Id.* ¶ 10.

Plaintiffs filed the instant Complaint against Defendant on October 10, 2019. ECF No. 1. Defendant was successfully served on October 25, 2019, through its registered agent, Dmitry Khmelnitsky. ECF No. 4. On November 20, 2019, with no answer having been filed, Plaintiffs moved for default, and the Clerk entered default against Defendant on November 21, 2019. *See* ECF Nos. 5, 7. Plaintiffs now seek default judgment against Defendant in the amount of $5,428.02[2] in delinquent contributions; $539.99[3] in interest accrued; $1,085.60 in liquidated

---

[2] The Complaint states that Defendant owed $5,428.10 in delinquent contributions from February 2018 through August 2019. ECF No. 1 ¶ 9. However, the NEBF Delinquency Report, attached to Plaintiffs' Motion for Default Judgment, states $5,428.02 of contributions are owed. ECF No. 6-2 at 23. The court will consider the nominally smaller amount in the Report, $5,428.02, to be the delinquent contributions owed by Defendant. *See* Fed. R. Civ. P. 54(c).

[3] The Complaint states that Defendant owed $490.69 in accrued interest. ECF No. 1 ¶ 11. However, the NEBF Delinquency Report attached to Plaintiffs' Motion for Default Judgment includes an additional month of interest, $49.30, accrued between the date of the Complaint and the date of the Motion for Default Judgment, bringing the total accrued interest to $539.99. ECF No. 6-2 at 23. The Complaint, while not including the dollar amount of this

3

damages; and $937.90 in attorneys' fees and costs—for a total of $7,991.51, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g). ECF No. 6; ECF No. 6-2 at 23.

## II.     STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern, Inc. v. Savannah Shakti Corp.*, No. DK C-11-0438, 2011 WL 5118328 at *2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent

---

additional interest, does request the Court to consider additional interest that will continue to accrue on all delinquent contributions until paid in full. *Id.* at 4. Thus, the amount of accrued interest now sought in the Motion for Default Judgment does not exceed in amount or differ in kind from what was sought in the Complaint and the additional $49.30 will be considered in the total interest accrued. *See* Fed. R. Civ. P. 54(c); *Trs. of Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-15-521, 2016 WL 297425, at *6 (D. Md. Jan. 21, 2016) ("The damages sought by Plaintiffs in their Motion for Default Judgment do not 'differ in kind or 'exceed in amount' that plead for in the Complaint; rather . . . the damages Plaintiffs request in their Motion are precisely the damages plead for in the Complaint, notwithstanding that the total amount of those damages has increased since the time this action was initiated.").

4

determination regarding damages . . ." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Fed. R. Civ. P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

### III.   DISCUSSION

The Court has subject matter jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e). Venue is proper under 29 U.S.C. § 1132(e)(2), as the NEBF is administered in Rockville, Maryland. ECF No. 1 ¶¶ 2, 4; *see Bd. Of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, No. L14-CV-161-LMB-TRJ, 2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015); *Trs. of Nat. Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Prot., Inc.*, 578 F. Supp. 94, 95 (D. Md. 1983).

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see Camelot Constr., Inc.*, 2015 WL 13050031, at *3. In the Complaint, Plaintiffs allege that Defendant was obligated under the terms of the Collective Bargaining Agreements and Trust Agreement to make contributions to NEBF, but failed to do so between February 2018 and August 2019. ECF No. 1 ¶¶ 6–9; *see also* ECF No. 6-2 at 5, 10, 15. The Affidavit of Brian Killian, Manager of the Audit and Delinquency Department

of the NEBF and the accompanying NEBF Delinquency Report further establish that Defendant underpaid NEBF by $5,428.02. ECF No. 6-2.

29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall award the plan:

>     (A)   the unpaid contributions,
>     (B)   interest on the unpaid contributions,
>     (C)   an amount equal to the greater of—
>               (i)   interest on the unpaid contributions, or
>               (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>     (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>     (E)   such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Bd. of Trs. Sheet Metal Workers' Nat'l Pension Fund v. Columbus Show Case Co.*, No. 1:14-cv-478, 2014 WL 3811252, at *4 (E.D. Va. Aug. 1, 2014); *Capital Restoration & Painting Co.*, 919 F. Supp. 2d at 686; *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Lake Side Plumbing & Heating, Inc.*, No. 1:12-CV-00298 LO/IDD, 2012 WL 6203001, at *4 (E.D. Va. Nov. 20, 2012). Thus, assuming the truth of the well-pled allegations in the Complaint, Plaintiffs have established Defendant's liability under the Collective Bargaining Agreements, Trust Agreement, and Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2).

In support of its request for damages, Plaintiffs submit a Delinquency Report for the months of January 2018 through November 2019, ECF No. 6-2 at 23, and the Affidavit of Brian Killian, ECF No. 6-2 at 1–3. The Report indicates that $5,428.02 was outstanding from unpaid contributions during the months between February 2018 and August 2019. ECF No. 6-2 at 2, 23.

Killian attests that, pursuant to the Trust Agreement and 29 U.S.C. §1132(g)(2), NEBF is

authorized to recover interest on delinquent contributions at a rate of ten percent per annum and liquidated damages in the amount of twenty percent of the delinquency. ECF No. 6-2 at 2, 20. Thus, in addition to the $5,428.02 in unpaid contributions, *see* 29 U.S.C. § 1132(g)(2)(A), Defendant owes $539.99 in interest on the delinquent contributions, *see* 29 U.S.C. § 1132(g)(2)(B), and $1,085.60 in liquidated damages, *see* 20 U.S.C. § 1132(g)(2)(C)(ii).

In support of Plaintiffs' request for attorneys' fees and costs in an amount of $937.90, Plaintiffs attach the Declaration of attorney Jennifer Bush Hawkins. ECF No. 6-1. $937.90 represents 1.7 hours of work done by legal assistant, Caroline Lippie, at a rate of $139.00 per hour, 0.4 hours of work done by Hawkins[4] at a rate of $379.00 per hour, a $400.00 filing fee, and a $150.00 invoice for service of process. *Id.* at 2–3, 9. The Court finds the time billed and hourly rate applied to be reasonable and commensurate with the Local Guidelines. Loc. R. App. B (D. Md. 2018) (indicating that a reasonable hourly rate for lawyers admitted to the bar for twenty years or more is between $300 and $475 and a reasonable hourly rate for paralegals/law clerks is between $95 and $150); *see Nat'l Elec. Benefit Fund v. Allran/Hemmer Elec., LLC*, No. GJH-16-1184, 2017 WL 1273922, at *4 (D. Md. Jan. 6, 2017) (awarding attorneys' fees and expenses—including "$150.00 for service of process and $400 for filing fees"—to the same counsel for NEBF). Defendant therefore owes $937.90 in attorneys' fees and costs, *see* 29 U.S.C. § 1132(g)(2)(D).

---

[4] Hawkins has been a licensed attorney since 1994. ECF No. 6-1 at 1.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment, ECF No. 6, is granted against Defendant in the total amount of $7,991.51. Additionally, post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961. A separate Order shall issue.

Date: <u>September 2, 2020</u>                              /s/
                                              GEORGE J. HAZEL
                                              United States District Judge